## The Adder Machine Company, Appellant, v. E. A. Ross, Appellee.

1. APPEAL AND ERROR, § 1689*—*when want of joinder of issue on plea cannot be urged.* Appellant cannot raise the question that no replication had been filed to a plea where the parties proceeded with the trial as though issue had been joined thereon.

2. REPLEVIN, § 103*—*when plea of property in another not supported by the evidence.* In replevin to recover property pledged by plaintiff's agent to defendant as collateral security for a personal loan to the agent, the agent having executed a bill of sale of the property to a third party, a company in which defendant was interested as a partner, *held,* that a plea of title in such company was not supported by the evidence, the evidence showing

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

that defendant knew that the agent did not own the property, and the company of which defendant was. a partner being chargeable with the knowledge of the defendant, and knowing that the property was transferred solely for the purpose of securing the indebted-ness due from the agent.

3. REPLEVIN, § 114*—*admissibility of evidence.* In replevin to re-cover property pledged by plaintiff's agent to defendant to secure a personal loan to the agent, the agent having executed a bill of sale to a company in which defendant was interested as a partner, *held,* that the bill of sale was admissible under a plea that the title was in the company as tending to contradict the testimony of the agent that he was not the owner of the property, but that it was competent for plaintiff to explain the bill of sale by showing that it was executed as a mortgage solely for the purpose of securing the indebtedness of the agent.

4. EVIDENCE, § 333*—*when parol evidence admissible to show consideration for written instrument.* The rule that evidence can-not be offered to vary or contradict the terms of a written instru-ment is not violated by the admission of evidence tending to show what the consideration for the instrument was.

5. REPLEVIN, § 147*—*when refusal of plaintiff's requested instruc-tion is error.* In replevin to recover property pledged by plaintiff's agent to a third party as collateral security for a personal loan to the agent, refusal to give an instruction for plaintiff instructing the jury "that to entitle plaintiff to recover property replevined, under the issues joined, it is only necessary that it should prove by a pre-ponderance of the evidence that it was the owner of the property in question or entitled to the possession of the same when this suit was commenced and that it had been wrongfully taken from its pos-session by defendant or that it was wrongfully detained by him," *held* error.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

S. F. SCHECTER and LINDLEY, PENWELL & LINDLEY, for appellant.

DWYER & DWYER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opin-ion of the court.

This is an action of replevin brought by appellant

to recover from appellee two adding machines. The trial below resulted in a judgment for defendant.

To the declaration filed appellee filed three pleas, one of *non detinet,* another *non cepit* and the other property in the Danville Credit Company. The plea of property in the Danville Credit Company was not filed until after the trial had begun and the record does not show that issue was joined on .this plea, but the parties having proceeded with the trial the same as though issue had been joined, appellant cannot now raise the question that no replication had been filed to this plea.

Appellant was the manufacturer of the two adding machines in question; it had as its agent at Danville, Illinois, one C. A. Simon. Simon finding it necessary to raise money for his own individual purpose, applied to appellee, who was a member of a partnership doing business in Danville under the name of the Danville Credit Company, for a loan of money. Simon had his office in rooms occupied by the Danville Credit Company. At one time he secured fifty dollars, and this sum was afterwards increased by various amounts to two hundred and seventy-five dollars. At the time of the securing of the first fifty dollars, Simon delivered to Ross one of the adding machines in question, and before securing the final amount which he received Ross insisted on securing possession of the other machine as collateral security, and a bill of sale was made by Simon to the Danville Credit Company for the two machines in question.

Appellee, Ross, was familiar with the fact and knew that Simon was not the owner of these machines, that he was the agent of appellant, and had been its agent in the city of Danville and sold these machines for some time prior to the transactions in question, and the bill of sale made by Simon whereby he attempted to transfer the title of this property to the Danville Credit Company in which Ross was a partner does not purport to be a bill of sale by appellant Company, but

was made solely by Simon. The Danville Credit Company, of which appellee was a partner, was bound by the information had by Ross, and with this knowledge and knowing that the transfer was made of these machines solely for the purpose of securing the indebtedness due from Simon, the Danville Credit Company obtained no title by reason of this bill of sale, and therefore the plea of title in the Danville Credit Company is not supported by the evidence in this record.

Upon the contention that the court erred in admitting the bill of sale in evidence, under the plea that the title was in the Danville Credit Company, it was admissible as tending to contradict the testimony of Simon that he was not the owner of the machines, that he had possession of and held the machines only as the agent of appellant, and there was no error in the admission of the bill of sale; and having been properly admitted the court did not err in permitting evidence to be offered to explain the bill of sale. While the bill of sale purported to be a complete transfer of the title upon its face it was competent to show that it was made and executed as a mortgage solely for the purpose of securing the indebtedness of Simon. The rule that evidence cannot be offered to vary or contradict the terms of a written instrument is not violated by the admission of evidence tending to show what the consideration for the instrument was; appellant not being a party to this instrument was not bound by its contents. The greater weight of the evidence in this record shows that Ross was the party with whom Simon was dealing, and that the possession of the machines was delivered to him. The record shows conclusively that the title to this property was in appellant and fails to show any power or authority in Simon as agent of appellant to pledge this property for the purpose of securing his personal indebtedness.

The evidence failing to support any of the pleas filed by appellee, the judgment is so clearly and manifestly

against the weight of the evidence that it must be set aside.

Plaintiff requested the following instruction:

"The Court instructs the jury that to entitle plaintiff to recover property replevined, under the issues joined, it is only necessary that it should prove by a preponderance of the evidence that it was the owner of the property in question or entitled to the possession of the same when this suit was commenced and that it had been wrongfully taken from its possession by defendant or that it was then wrongfully detained by him."

This instruction was refused by the court. The instruction correctly states the principle of law applicable to the facts in this case and should have been given to the jury. The court erred in refusing it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*